UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:15-cr-28-TWP-VTW-10 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CASSANDRA FRALEY | (COMPASSIONATE RELEASE) |

Upon motion of ⊠ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

⊠ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☐ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cr-00028-TWP-VTW-10 |
| | ) | |
| CASSANDRA FRALEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on defendant Cassandra Fraley's ("Ms. Fraley") *pro se* Motion for compassionate release. (Dkt. 955.) On April 27, 2020, Counsel Mario Garcia was appointed and entered an appearance to represent Ms. Fraley in this proceeding. (Dkt. 958.) Ms. Fraley, an inmate at Federal Correctional Institution, Waseca ("FCI Waseca"), argues that her risk of severe illness from COVID-19 and the need to care for her minor children are extraordinary and compelling reasons justifying her early release. In response, the Government argues that Ms. Fraley has failed to establish an extraordinary and compelling reason and that the § 3553(a) sentencing factors do not weigh in her favor. For the reasons explained below, the Court finds that Ms. Fraley has not demonstrated an extraordinary and compelling reason, and her Motion for early release is **denied**.

## I.     BACKGROUND

### A.     Offense Conduct, Criminal History, Medical History, and Family Circumstances

Ms. Fraley is 31 years old. (Dkt. 340 at 3.) Before committing the offense in this case, Ms. Fraley was convicted of felony possession of a controlled substance in 2014 and misdemeanor false informing in 2010. (Dkt. 340 at 7.)

On June 14, 2017, Ms. Fraley pled guilty to conspiracy to distribute 500 grams or more of methamphetamine and 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. 621.) Ms. Fraley was defendant number 10 in a fifteen defendant drug trafficking conspiracy that distributed large quantities of methamphetamine and heroin in the Southern District of Indiana. The specific factual basis for the offense is set forth in her guilty plea petition and the presentence investigation report. (*See* Dkt. 312 at 6-7; Dkt. 340 at 5.) She was sentenced to 98 months of confinement in the Bureau of Prisons ("BOP") followed by 3 years of supervised release. (Dkt. 621 at 2-3.)

Ms. Fraley seeks compassionate release because she suffers from Hepatitis C which makes her susceptible to developing liver disease; and she has a history of chronic anxiety and depression. (Dkt. 1000 at 1.) Her medical records confirm her Hepatitis C virus diagnosis. (Dkt. 1000-2, pp. 1, 3, 10.) However, an ultrasound in September 2018 did not reveal liver damage. *Id.* at 14. Ms. Fraley completed Mavyret treatment and reported "feeling good" at a follow-up appointment on February 19, 2020. (Dkt. 1003-1 at 1.) Her physician recommended additional follow-up appointments but estimated that "after treatment is complete the viral load should be undetectable." *Id.* Ms. Fraley has not presented evidence that her condition has deteriorated since this appointment.

The Centers for Disease Control and Prevention ("CDC") has published guidelines listing pre-existing conditions that place individuals of any age at an increased risk of severe illness from COVID-19.[1] Hepatitis C is not on this list. *Id.* At this time, the CDC has "no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19."[2] However, "people of any age who have serious underlying medical

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.

conditions, including people with liver disease, might be at higher risk for severe illness from COVID-19, particularly if the underlying medical conditions are not well controlled." *Id.*

Ms. Fraley's medical records also indicate that she has a history of depression and unspecified anxiety disorder. (Dkt. 1000-2 at 14, 16, 21, 23, 37, 38.) However, she does not report episodes of self-harm, hallucinations, or thoughts of suicide. *Id.* at 23; Dkt. 1003-1 at 1.

Ms. Fraley's mother is 62 years old and is self-quarantining. (Dkt. 1000 at 13-14.) As a result, Ms. Fraley's 13 year old twins and 12 year old son live with their father's parents, (Dkt. 955 at 1). The children's paternal grandmother works as an intensive care unit ("ICU") nurse. (Dkt. 1000 at 14.) There is no evidence that the ICU nurse has tested positive for COVID-19, exhibited symptoms consistent with COVID-19, or directly exposed the children to COVID-19. The children's paternal grandfather is in his late sixties or early seventies, and although he "struggles to help them with their schooling," he is "staying home with the kids" and assists while his wife is at work. (Dkt. 955 at 1-2.)

The Government opposes compassionate release asserting that the CDC has not designated Hepatitis C as an underlying serious medical condition that increases a person's risk for severe illness from COVID-19. (Dkt. 1004 at 6.) In addition, they argue Ms. Fraley has not shown that her family circumstances qualify as extraordinary and compelling reasons for early release. The Government also asserts that Ms. Fraley poses a danger to the community if she is released early and the § 3553(a) factors do not weigh in favor of release.

**B.    The COVID-19 Pandemic**

More than 7.1 million people in the United States have tested positive for COVID-19, resulting in over 200,000 deaths.[3]  Although medical research into this illness is new and rapidly

---

[3] https://covid.cdc.gov/coviddatatracker/?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fcasesupdates%2Fcases-in-us.html#cases.

evolving, studies suggest more than 40% of people who contract COVID-19 remain asymptomatic and may never become aware that they carry the virus.[4]

Like many institutions, the BOP has struggled to contain the spread of the pandemic among its inmates and staff.  Currently, 1,886 federal inmates have tested positive and still have the virus, 13,057 inmates have tested positive and recovered, and 124 inmates have died.[5]  Of the 599 inmates at FCI Waseca, where Ms. Fraley is confined, 205 inmates have tested positive and still have the virus, 212 inmates have tested positive and have recovered, and 0 inmates have died.[6]

## II.    LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), the court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable."  However, the court may do so only "if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c),

---

[4]https://jamanetwork.com/journals/jamanetworkopen/fullarticle/2766237?utm_source=For_The_Media&utm_medium=referral&utm_campaign=ftm_links&utm_term=052720.

[5] https://www.bop.gov/coronavirus/.

[6] *Id.*

4

contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[7] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g., United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Section 3142(g) is the provision outlining the factors the court must consider in determining whether a defendant should be detained pending trial. In turn, § 3142(g) provides:

> **(g) Factors to be considered**.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal

---

[7] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including—

> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.   DISCUSSION

The Court concludes that Ms. Fraley has not demonstrated an extraordinary and compelling reason justifying early release. Therefore, the Court does not need to decide whether she poses a danger to the community or whether the § 3553(a) factors weigh in favor of release.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[8]

---

[8] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*,

A.     **COVID-19 Pandemic**

Ms. Fraley does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to her health-related ground for relief.  Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The COVID-19 pandemic is a serious public health crisis affecting every aspect of society. Nevertheless, most courts have concluded that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release," *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020); *United States v. Dickson*, No. 1:19-cr-251-17, 2020 WL 1904058, at *3 (N.D. Ohio Apr. 17, 2020) (same); *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons."); *see generally United States v. Clark*¸ No. 1:09cr336-1, 2020 WL 1874140 at *8 (M.D.N.C. Apr. 15, 2020).

In determining whether to grant compassionate release to an inmate with COVID-19, district courts consider the inmate's current symptoms and need for urgent treatment as well as the inmate's chronic medical conditions.  *Compare United States v. Harris*, CR 88-972-GHK-TSH-9,

---

Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Ms. Fraley's Motion is due to be denied even if the Court assumes that the policy statement is not binding and that is has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

2020 WL 3402853 (C.D. Cal. June 16, 2020) (finding an inmate with a chronic autoimmune disease and asymptomatic COVID-19 did not demonstrate an extraordinary and compelling reason for early release), *with United States v. McCall*, No. 2:18-cr-95-MRT, 2020 WL 2992197, (M.D. Ala. June 4, 2020) (granting motion for early release for an inmate with sickle cell anemia and symptomatic COVID-19 and required hospitalization).

As pointed out by the Government, the CDC has no information to suggest that Hepatitis C increases the risk of severe illness from COVID-19. Although the CDC indicates that any individual with a serious medical condition or liver disease may be at an increased risk, the CDC places an emphasis on individuals whose pre-existing conditions are not well-managed. By her own account, Ms. Fraley is receiving treatment at her facility. She does not have documented liver damage, and her physician indicated that, by now, her viral load may not be detectable. Ms. Fraley's speculation that she could possibly be immunocompromised is not supported by evidence.

Although Ms. Fraley has a history of moderate depression and anxiety, these conditions are being managed by medical staff at her facility, and there is no evidence that the COVID-19 pandemic has substantially impaired her mental health. Accordingly, Ms. Fraley's request for relief arising from her pre-existing medical conditions and the possibility of high risk illness if she contracts COVID-19 is **denied**.

### B.    <u>Family Circumstances</u>

The provision authorizing early release for certain family circumstances involving children requires the defendant to prove "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, Application Note 1I(i). Currently, an intensive care nurse has assumed the responsibility of caring for Ms. Fraley's minor children. The dangers to frontline healthcare workers from COVID-19 are significant, but the Court does not find that

the children's caregiver is "incapacitated" within the meaning of this provision simply because she is an intensive care nurse. Importantly, the ICU nurse is the children's paternal grandmother and the children's paternal grandfather also assists in their caregiving. The children are being cared for, and Ms. Fraley's release is not necessary at this time. Accordingly, her request for relief on this ground is **denied**.

### IV.   <u>CONCLUSION</u>

For the reasons set forth above, Ms. Fraley's Motion for compassionate early release, (Dkt. [955]), is **DENIED**.

**SO ORDERED**.

Date:  10/6/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mario Garcia
BRATTAIN & MINNIX
mario@bmgindy.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE
lara.langeneckert@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov